UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Bankruptcy Case No.** |
| **CUBA TIMBER CO., INC.,** | § | **17-70349-DSC** |
| | § | |
| Debtor. | § | **Chapter 11** |

**MOTION FOR ENTRY OF A FINAL ORDER PURSUANT TO
§ 363(b) AUTHORIZING THE SALE OF ASSETS AND REMITTANCE OF PROCEEDS
TO SECURED LENDERS**

**COMES NOW** André Toffel, Trustee of the above-styled estate ("Trustee") by and through his undersigned counsel of record, and moves this Court (this "Motion") to enter a final order authorizing the Trustee to sell certain of the Debtor's assets identified herein and to remit proceeds to secured lenders. In support of this Motion, the Trustee states as follows:

1. On February 24, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court. The case was converted to a Chapter 7 proceeding on April 21, 2017. The Trustee was duly appointed to marshal the assets of the Debtor and oversee its liquidation.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 7 case and this Motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Motion is § 363 of the Bankruptcy Code.

3. By this Motion, Trustee seeks entry of a final order authorizing the sale of certain Debtor's assets.

1

4. As part of the liquidation efforts the Trustee has marketed the assets to various parties.

5. Specifically, the Trustee proposed to sell the assets identified below to the respective identified purchasers as follows:

| Purchaser | Item Description |
|---|---|
| Superior Auto in Tuscaloosa, Alabama | 1) 2014 Ford F150 Silver<br>VIN# 1FTFW1EFXEKF15773<br>Price: $22,000.00 |
| Cody Dill in Ernelle, Alabama | 1) 2014 Ford F150 Silver<br>VIN# FTFW1EF9EFB67148<br>Price: $13,000.00 |
| City Auto Sales of Hueytown in Hueytown, Alabama | 1) Ford King Ranch Pick-up<br>VIN# 1FTEW1EGXGFB21089<br>Price: $37,000.00 |

6. The assets are to be sold free and clear of any liens or encumbrances.

7. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).; *see also In re Ames Dept. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992.

8. Although § 363 of the Bankruptcy Code does not set forth a standard for determining when it's appropriate for a court to authorize a sale or disposition of a debtor's assets, sales of assets of a debtor should be authorized when there is an articulated business justification for doing so. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002). *See also, e.g., Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983). Courts have made it clear that a showing of a sound business justification need not be unduly exhaustive but, rather, a § 363 movant is

"simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *Lionel*, 722 F.2d at 1071.

9. Sound business reasons exist to sell the assets identified. The Trustee is liquidating the estate assets, and the proposed sales are through and arms-length negotiation with persons that are not insiders of the Debtor.

10. Proceeds of the sale are to be held by the Trustee. Further, the Trustee shall be authorized to pay and directed to satisfy the secured claims of Ford Motor Credit from such proceeds.

11. Ford Motor Credit has valid, perfected liens on the vehicles proposed to be sold to Superior Auto and Cody Dill. The purchase price for each vehicle is materially over the secured lien on each vehicle and net proceeds will go to the estate.

12. Ford Motor Credit also has a lien on the vehicle proposed to be sold to City Auto Sales of Hueytown, but that lien is due to be set aside. Accordingly, Ford Motor Credit does not object to this sale free and clear of liens and waives its lien on this vehicle and the proceeds of its sale.

13. Accordingly, the proposed sale of the assets is in the best interest of the bankruptcy estate.

14. For the foregoing reasons, the Trustee requests the Court to authorize the Debtor to consummate the sales noted above free and clear of all liens and encumbrances.

**WHEREFORE,** based upon the forgoing, the Debtor seeks:

    a.    The Court to enter an order approving the sales set forth herein, and

    b.    The Court to grant such further and additional relief as may be just and appropriate.

Dated this the 18th day of July, 2017.

                                                    /s/ *R. Scott Williams*
                                                  R. Scott Williams
                                                  Counsel for André M. Toffel, Chapter 7 Trustee

**OF COUNSEL:**

RUMBERGER, KIRK & CALDWELL, P.C.
Renasant Place
2001 Park Place North, Suite 1300
Birmingham, AL 35203
Telephone:    (205) 327-5550
Facsimile:    (205) 326-6786
Email:  swilliams@rumberger.com

### CERTIFICATE OF SERVICE

I, R. Scott Williams, hereby certify that on the 18th day of July, 2017, I have caused to be electronically served a true and correct copy of the foregoing document in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

                                                    /s/ *R. Scott Williams*
                                                  Of Counsel